<u>Not For Publication</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA A. WHITTEN, : | |
| : | Civil Action No. 04-2280 (FSH) |
| Plaintiff, : | |
| : | |
| vs. : | **OPINION** |
| : | |
| : | June 14, 2005 |
| : | |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| : | |

**HOCHBERG, District Judge.**

This matter is before the Court upon Plaintiff's motion to review a final determination of the Administrative Law Judge ("ALJ"), pursuant to 42 U.S.C. § 1383 (c)(3). The motion has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.   Factual and Procedural Background**

Plaintiff applied for Social Security Disability Insurance Benefits on December 6, 2001. Plaintiff claims she became disabled on December 19, 1997, due to the ongoing complications of HIV and Hepatitis B and C. Plaintiff's application for benefits was denied. Plaintiff filed for a hearing which was held on March 4, 2003.  The ALJ found the plaintiff was not disabled in a decision dated June 26, 2003.  Plaintiff requested a review by the Appeals Council, which was denied on March 16, 2004.  The Plaintiff filed a complaint in the United States District Court for the District of New Jersey on January 27, 2005.

Plaintiff, who is 49, completed the tenth grade of high school and earned a GED. Plaintiff was last employed as a nursing assistant at the Veterans' Administration Hospital in East Orange, N.J. Plaintiff worked there for almost 10 years. Plaintiff's employment involved using special machines, tools and equipment, use of technical knowledge, and supervising other workers. Plaintiff says that there is a lot of activity that is involved with her job, including transporting patients, and lifting up to 50 pounds frequently during her work day. Plaintiff has not worked since December 1997. Plaintiff testified before the ALJ that she left her job at the hospital because she was missing too much work due to HIV-related illnesses. She was advised by her supervisors to leave work and to apply for disability benefits.

Plaintiff was a patient at Forest Hill Family Associates from September 1991 to October 2000. In August of 1995, Plaintiff was treated for generalized anxiety disorders and depression. From April 1997 to June 1997, Plaintiff was treated for pneumonia, and she was diagnosed as HIV-positive at that time.[1] From January 2000 to October 2000, plaintiff continued to be treated for complaints associated with HIV, Hepatitis B and C, severe migraine headaches, general anxiety disorders, depression, anxiety asthma, and difficulty breathing and pneumonia at Forest Hill Family Associates. She was also diagnosed with Hepatitis C.

## II.     Standard for Finding of Disability

An individual may be entitled to Social Security Benefits upon a finding of disability demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

---

[1] From April 12, 1997 to April 19, 1997, Plaintiff was hospitalized due to pneumonia and other HIV-related complications.

2

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the impairment is so severe that he is not only unable to do his previous work, but cannot, considering his "age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner of Social Security ("Commissioner") uses the following five-step analysis to determine whether an individual is disabled:

Substantial Gainful Activity.  The Commissioner first considers whether the individual is currently engaged in substantial gainful activity.  If there is such activity, the individual will be found not disabled without consideration of his medical condition. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

Severe Impairment.  If there is no substantial gainful activity, Plaintiff must then demonstrate that he suffers from a severe impairment or combination of impairments that significantly limits his ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).

Listed Impairment.  If Plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth at 20 C.F.R. § 404, Subpart P or is equal to a Listed Impairment.  If the individual has such an impairment, the Commissioner will find the individual disabled.

Past Work. If the individual does not have a listed impairment, the fourth step is to determine whether, despite his impairment, the individual has the residual functional capacity to perform his past relevant work. Residual functional capacity is defined as what the claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a) and 416.945(a). If he does have the capacity to perform past work, the individual will be found not disabled. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

Other Work. Finally, if the individual is unable to perform work done in the past, the Commissioner then considers the individual's residual functional capacity, age, education, and past work experience to determine if he can do any other work. If he cannot perform other work, the individual will be found disabled. 20 C.F.R. §§404.1520(g) and 416.920(g).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof. *Wallace v. Sec'y of Health and Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). The claimant bears the burden of production and persuasion through the first four steps; however, if the analysis reaches the fifth step, the Commissioner bears the burden of proving that the individual is capable of performing gainful employment other than the claimant's past relevant work and that jobs which the plaintiff can perform exist in substantial numbers in the national economy. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985). If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III.   Standard of Review**

In accordance with 42 U.S.C. § 405(g), this Court must review the factual findings of the

4

ALJ to determine whether the administrative record contains substantial evidence for such findings. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). A decision concerning disability benefits must be upheld by the Court if an examination of the record reveals substantial evidence supporting the ALJ's conclusion. 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla of evidence; "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Where evidence in the record is susceptible to more than one rational interpretation, the Court must endorse the Commissioner's conclusion. *Alexander v. Shalala*, 927 F. Supp. 785, 791 (D.N.J. 1995), *aff'd*, 85 F.3d 611 (3d Cir. 1996) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). "The ALJ's responsibility is to analyze all evidence and to provide adequate explanations when disregarding portions of it." *Snee v. Sec'y of Health and Human Servs.*, 660 F. Supp. 736, 739 (D.N.J. 1987) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *Dobrowolski v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Gober v. Mathews*, 574 F.2d 772, 776 (3d Cir. 1978).

Upon making a determination in Step three of the analysis, the ALJ must set forth reasons for his decision. *Burnett v. Commissioner of Social Sec. Admin.*, 220 F.3d 112 (3d Cir. 2000). An ALJ cannot "merely state[] a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment." *Id.* at 119 (citing *Clifton v. Charter*, 79 F.3d 1007 (10th Cir. 1996)). If an ALJ makes a conclusory statement as to the determination of whether a plaintiff's impairments are part of the Listing of Impairments, it is beyond meaningful judicial review. *See Jones v. Barnhart,* 364 F.3d 501, 505 (3d Cir. 2004) (holding that ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review.") If a Plaintiff has multiple impairments, the ALJ should examine whether those impairments,

5

singularly or combined, "are or are not equivalent in severity to one of the listed impairments." *Burnett,* 220 F.3d at 119 (citing 20 C.F.R. § 404.1527(a), which states that "if there is more than one impairment, the SSA will consider whether the combination of impairments are equivalent to any listed impairment.")

## IV.     Analysis

In reaching the determination that Plaintiff was not entitled to disability benefits, ALJ John M. Farley concluded that Plaintiff, while unable to return to her former employment, could perform other work.  In reaching his determination, the ALJ erred by not "considering the combined effects of [Plaintiff's] impairments in determining whether they were equivalent to a listed impairment. *Id.*  Further, the ALJ erroneously conflated Steps two and three, by using the Listing of Impairments to determine whether the Plaintiff's impairments were "severe." The proper determination of "severe" is defined under 20 C.F.R. §§ 404 1520(c) and 416.920.

Under Step 3, Plaintiff contends:  (1) that although each individual ailment "narrowly miss their respective Listed Impairments," she claims that all of the ailments must be considered in combination with her mental impairment to determine whether she is able to engage in substantial gainful activity; and (2) that the ALJ did not give proper weight to the combination of illnesses and symptoms including her extreme fatigue and exhaustion, shortness of breath, history of pneumonia, pain and limitation of motion and function, gastrointestinal disorder, migraine headaches, depression, lack of concentration, memory loss, well as the side effects from the medications she takes.  *See Cowart v. Schweiker,* 662 F.2d 731, 737 (11th Cir. 1981) ("It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability.")  On remand, the ALJ must consider the combined effects of all of Plaintiff's impairments before determining whether they amount to a Listed Impairment. 20

C.F.R. § 404.1527(a) (stating that when there is more than one impairment, the Social Security Administration must consider whether the combination of impairments are equivalent to any Listed Impairment).  *See Burnett*, 220 F.3d. at 119.  The ALJ should also consider Plaintiff's 1997 hospital visit as part of his analysis when considering her overall impairment on remand in order to fully develop the record.  *See Id.*; *Jones,* 364 F.3d at 505 (holding that the ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review.")

The ALJ was also overly-conclusory in his decision, saying that the "claimant does not have an impairment or combination of impairments which 'meet' or 'equal' the level of severity and duration and the clinical criteria of any impairment listed in the Listing of Impairments." However, the ALJ did not state specifically as to how and why the information presented by the Plaintiff did not meet the standards in the Listing of Impairments, but rather said that "[n]o physician, treating or reviewing has opined that she has a condition or condition of this severity as reviewed."  *See Jones*, 364 F.3d at 505 (conclusory statements are "beyond meaningful judicial review.")  *See also Smith v. Califano*, 637 F.2d 968 (3d Cir. 1981) (ALJ may not make speculative inferences from medical reports, and that the "claimant's assertions of pain must be given serious consideration even where those assertions are not fully confirmed by objective evidence.")

Plaintiff also contends that the testimony of subjective pain and the inability to work is entitled to great weight where it is supported and consistent with the medical evidence.  In evaluating a Plaintiff's assertions of pain, the Commission is obligated to make specific findings if he determines that such assertions are incredible and do not support a finding of disability.  *See Schaudeck v. Commissioner of Social Sec. Admin*, 181 F.3d 429 (3d Cir. 1999) (holding that the

ALJ must give special consideration to a patient's subjective claims of pain and weakness).  The ALJ should consider the testimony from Plaintiff's family to corroborate Plaintiff's claims that her daughter and other family members performed basic household duties including shopping, cooking and cleaning because she did not have the energy to do so.  *See Hargenrader v. Califano*, 575 F.2d 434, 436-47 (3d Cir. 1978) (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), which held that the ALJ must consider "the claimant's subjective evidence of pain and disability as corroborated by family and neighbors.")

While making this determination, the ALJ is not free to employ his own expertise, nor make speculative inferences from medical reports.  *See Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Ferguson v. Schweiker*, 765 F.2d 31 (3d Cir 1985)).  The ALJ concurs that the Plaintiff does not have the residual physical functional capacity to perform her past relevant work.  The ALJ relied heavily on Dr. Halloran's report, and held that there "are other jobs which exist in significant numbers in the national economy, which the claimant could perform."  However, it does not seem that this was supported using substantial evidence, and it appears that the Social Security Administration did not assess the Plaintiff's impairments in their totality.  *See Jones* 364 F.3d at 505.

**V. Conclusion**

For the reasons stated in this Opinion, the ALJ's decision is remanded for further proceedings and analysis consistent with this Opinion.  An appropriate Order is attached.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.